The Chancellor.
This is the ordinary case of a hill filed by a judgment creditor impeaching a prior judgment and execution on the ground of fraud. Benjamin Parkhurst, the common judgment debtor, confessed a judgment to the defendants, Ely, Clapp, and Bowen, for the sum of ten thousand dollars. The complainants allege that this judgment was fraudulently confessed to defraud the creditors of Parkhurst, and to cover and protect his property from his creditors. Several specific charges are made as to the particulars of the fraudulent design, and manner of effecting it.
The first charge is, that at the time the judgment was, confessed, the debt due from Parkhurst to these defendants did not exceed the sum of nineteen hundred dollars, and that the judgment was confessed to defeat and get an undue advantage of the other creditors of Parkhurst.
Second. That the defendants pretend that, at the time of the confession of the judgment, they made and delivered to Benjamin Parkhurst their promissory note for the sum of eight thousand dollars and upwards, payable to Parkhurst on demand; and the complainants charge, that if such note was made, it was a sham, a mere matter of form, and a fraudulent device for the purpose of creating a more colorable debt or demand for money lent, upon which the affidavit required by law could be made; that it was understood at the time, between the complainants and Parkhurst, that the note was to be regarded as a mere matter of form, to enable the complainants, or one of them, to make the required affidavit; that it was to have no validity; that it should not go into the hands *180 of Parkhurst, hut he left with the complainants’ attorney until the judgment should be confessed, and then to be given up to these defendants, and that the note was, in pursuance of such agreement, delivered up to them.
Third. It is charged, that the defendants allege that the judgment was confessed to secure the debt of nineteen hundred dollars actually due, and all future advances the defendants might make Parkhurst to enable him to carry on his business. The bill charges, that by promising to make such advances, the defendants induced Parkhurst to confess the judgment; that the defendants have violated their engagements in this respect, and have refused to make any advances, in consequence of which Parkhurst became involved and failed in business, and that the defendants are now fraudulently enforcing their judgment by execution.
Fourth. It is charged, that the defendants further allege that they have advanced a large sum of money to Carter, Quinan, and Pe Forrest. The bill charges, that if any such advances were made, they were made long before the indebtedness, or any part of the same, had become due and payable, and when the whole debt, in different amounts, had long periods to run to maturity, and that the defendants are now making their judgment an instrument to compel the immediate payment of those advances, in violation of their agreement with Parkhurst, and to his ruin.
The bill prays, that the judgment confessed by Parkhurst to the defendants may be decreed to be fraudulent and void in whole, or if not in whole, for so much thereof as exceeds the amount actually and justly due and owing at the time the judgment was confessed; and that if they should be held to be entitled under their judgment to any sum of money whatever, that the amount thereof may be ascertained by the decree of this court, and the defendants be decreed to accept the same from the complainants; and an injunction is asked to prevent the defendants from farther prosecuting their judgment and execution.
*181 On filing the bill, the injunction was ordered. The defendants have answered, and now move a dissolution of the injunction. The general charge of fraud, as to the judgment, having been conceived, or procured, for the fraudulent purpose of covering up and concealing the debtor’s property, and to protect it against his creditors, is fairly and fully met, and without any reservation denied by the answer. The particulars stated in the bill constituting the fraud, and impeaching the bona Jides of the transactions, are all met by the answer, and are responded to with apparent frankness. "Whether the equity of the bill is denied, and what disposition of the case should be made upon this motion, must depend on the view the court takes of the transaction, as it is confessed by the defendants.
Benjamin Parkhurst was a large trader, doing business in the city of Newark. In the course of his trade, he purchased goods of the defendants, ivlio were merchants in the city of New York. The answer gives the following account of Parkhurst’s indebtedness to the defendants at the time the judgment was confessed, and the negotiations about, and the particulars respecting, the confession of the judgment. That Parkhurst was indebted to them in the sum of one thousand eight hundred and and fifty-five dollars and twenty-three cents, for goods, wares, and merchandise sold him in the usual course of trade, and in the further sum of twelve hundred and seven dollars and seventy-two cents, for money lent and advanced, which indebtedness was prior to any negotiations about the judgment; that a few days before the judgment was confessed, Parkhurst applied to DeWitt C. Olapp, one of the defendants, and said he would be glad to make an arrangement with the defendants, by which he might obtain further credit for goods, and further advances for money from them, which advances of money, he said, he wanted to meet some notes of his, which would shortly come to maturity; and he proposed, as a security for his then *182 existing indebtedness, and to secure sucb further credit as the defendants would give him for goods, and such advances in money as they might make him for his accommodation, to secure them by a confessed judgment; that after considerable negotiation, it was agreed that Parkhurst should confess a judgment for ten thousand dollars to the defendants, in consideration of his then indebtedness of three thousand and sixty-two dollars and ninety-five cents, and that the defendants should advance to him money and goods, from time to time, as he should desire the same, to the amount of the difference between the sum last named and the sum for which the judgment was to be confessed; that, to carry out this arrangement, the defendants gave to Parkhurst their note for six thousand nine hundred and fifty-seven dollars and six cents, as a security to him for their making the advances, and for giving credit for goods, as agreed between them, with the understanding, that as advances were made, and the goods delivered, corresponding endorsements should be made on the note; that under this arrangement the judgment was confessed, and the defendants advanced Parkhurst in cash five thousand nine hundred and sixty-five dollars and seventy-two cents, and in goods two hundred and thirteen dollars and seventy-five cents, making, with the original indebtedness, the sum of $9242.42.
On behalf of the complainants, it is insisted—
Pirst. That the character of the transaction, as revealed by the answer, justifies a well founded belief that the judgment was conceived in fraud, and was designed for some fraudulent purpose, and therefore the court should retain the injunction and afford an opportunity for further investigation.
Second. That the judgment was confessed in contravention of the statute, and is therefore void in toto, or if not in whole, then as to all except the sum of $8062.95, the amount of indebtedness actually due from Parkhurst at the time the judgment was entered.
*183 I can see no reason to doubt, from anything that appears on the face of the answer, but that the defendants took their judgment in good faith to secure a debt honestly due them, and to protect them in such further advances they might make to their debtor. It is not alleged in the bill that Parkhurst was in failing circumstances at the time; and what inducement the defendants could have had to enter into a scheme with Parkhurst to commit a fraud upon his creditors, is left to conjecture. The charges in the bill, as to a design of the defendants to defraud Parkhurst, by breaking their agreement with him as to making advances, and in enforcing the judgment and execution, so as to embarrass and ruin him, are denied by the answer; and there is, I think, enough in the whole case to corroborate the answer in this respect, and to justify me in giving to it the most implicit confidence in this jiartieular. The fact, that in less than ten days after their judgment, the defendants were obliged to advance the sum of fifty-eight hundred dollars and upwards, in order to protect the very goods upon which they had a levy, for their security, and that in less than ten days after that Parkhurst confessed the judgments to the complainants, show that Parkhurst’s case was beyond any relief the defendants had engaged to afford him.
Again. Was the judgment confessed in contravention of the statute ? and if it was, is that any ground for the interference of this court in aid of the complainants ?
Here is a judgment of a court of law, whether confessed before a judge at chambers or in open court does not appear; hut that it is a judgment of a competent tribunal, is not denied. The statute declares, “ that no judgment shall be eutered in any court of record of this state on a warrant of attorney to confess judgment, or by the defendant appearing in person in open court and confessing the same, unless the plaintiff, or his attorney, shall produce, at the time of confessing such judgment, to the court, judge, or justice, before whom the judgment shall *184 be confessed, an affidavit of tbe plaintiff, his attorney or agent, of the true consideration of the bill, bond, deed, note, or other instrument of writing or demand for which the said judgment shall be confessed; which affidavit shall further set forth, that the debt or demand for which the judgment is confessed is justly and honestly due and owing to the person or persons to whom the judgment is confessed, and that the said judgment is not confessed to answer any fraudulent intent or purpose, or to protect the property of the defendant from his other creditors.”
It is said that the defendants in this case could not have made affidavit required by the statute; that a judgment cannot be confessed for future advances, because the plaintiff cannot swear “that the debt is justly and honestly due and owing,” and that, therefore, this court ought not to allow the defendants to enforce their judgment to the prejudice of the complainants. It does not appear that there was any affidavit in this case. Suppose there was not, the judgment is neither void as to the parties to it, nor void or fraudulent as to third persons. It is a valid judgment, and must be respected as such by all courts, until it is set aside by a competent tribunal. This court has no right to impeach its validity on such a ground! The only ground of jurisdiction in this court to interfere with the judgment, is that it is fraudulent. To detect the fraud, the court may go behind the proceedings, and may test the consciences of the parties to it, and declare it fraudulent, if the debt for which it is confessed is not an honest one, or if it is confessed for any fraudulent intent or purpose. But this court cannot declare the judgment void as against creditors, simply because the judge or court has suffered it to be entered up in violation of the statute. If the court, or judge, has in this case allowed a judgment to be entered up, for the purpose of securing future advances to be made by the plaintiffs in the judgment to the defendant, this court has no right to say that the court of law erred in judgment, and *185 that the judgment is void and fraudulent as against other creditors. It is the conscience of the party which this court is to test, and not the legality of the judgment, or to correct the error of the court of law. If it is said, that the judge or court had before them an affidavit, which in terms complied with the statute, but which the discovery now made shows was untrue, and that this court can now do, for the purposes of this suit, what the court of law could not do, look behind the affidavit, my answer is, it does not appear but that the affidavit, if there was any, disclosed the very facts contained in this answer, and that the court did adjudicate that a judgment might be confessed for just such a demand as the plaintiff in the judgment had against the judgment debtor. If the judgment was not confessed for any fraudulent purpose, if it was confessed bona fide, this court ought not to interfere with the plaintiffs in the judgment collecting what is due upon it. I think the defendants are entitled to the benefit of their judgment, and that it must stand for the full amount of the advances they made upon it. To this extent the judgment must be dissolved ; but as the proofs may show that the amount claimed by the defendants is not all due to them, they must give security to refund any part of the amount realized which may be found not to be due.
Let an or$er be made directing the sheriff to sell, and to pay over to the defendants the sum of nine thousand two hundred and forty-two dollars and forty-two cents, with interest and costs, taking from the defendants sufficient security to refund any part of the same, if upon the final determination of the ease, the whole of that amount may be ascertained not to be due to them.